IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:21-cv-6

| | |
|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY,<br><br>                                      **Plaintiff,**<br><br>v.<br><br>SAVERIO DE PINTO, TYLER HUYNH, MANUEL CASTANEDA, JASON CARTOMO, MELVIN OVED BANEGAS-AMAYA, AND MATTHEW JONES,<br><br>                                      **Defendants.** | **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT** |

**NOW COMES** Plaintiff Progressive American Insurance Company (hereafter "Progressive") and complaint of Defendants Saverio De Pinto ("De Pinto"), Tyler Huynh ("Huynh"), Manuel Castaneda ("Castaneda"), Jason Cartomo ("Cartomo"), Melvin Oved Banegas-Amaya ("Amaya"), and Matthew Jones ("Jones") as follows:

1. This action arises from a motor vehicle accident that occurred on Woodpark Blvd., Charlotte, NC on September 12, 2020 (hereafter "Accident").

**Nature of Claim**

2. This is an action pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure in which Progressive seeks a declaratory judgment that there is no coverage available for PART I – LIABILITY TO OTHERS, PART II(B) - MEDICAL PAYMENTS COVERAGE, and/or PART IV – DAMAGE TO VEHICLE on Progressive policy # 940315173 for claims arising out of the Accident.

**Parties and Jurisdiction**

3. Progressive is a multi-line, multi-state insurer incorporated under the laws of the state of Ohio and with its residence and principal place of business in the state of Ohio.

4. Upon information and belief, De Pinto is a resident and citizen of Florida.

5. Upon information and belief, De Pinto currently resides in Mooresville, North Carolina while he attends the NASCAR Technical Institute located at 220 Byers Creek Rd, Mooresville, NC 28117.

6. Upon information and belief, Huynh is a resident and citizen of Myrtle Beach, South Carolina.

7. Upon information and belief, Huynh currently resides in Mooresville, North Carolina while he attends the NASCAR Technical Institute.

8. Upon information and belief, Castaneda is a resident and citizen of Texas.

9. Upon information and belief, Castaneda currently resides in North Carolina.

10. Upon information and belief, Cartomo is a resident and citizen of North Carolina.

11. Upon information and belief, Amaya is a resident and citizen of North Carolina.

12. Upon information and belief, Jones is a resident and citizen of North Carolina.

13. Upon information and belief, this Court has personal jurisdiction over all Defendants as they are residents of North Carolina, operated motor vehicles involved in an accident on the highways of North Carolina, or participated in a joint enterprise. *See, e.g.*, N.C. Gen. Stat. § 1-105.

14. This action involves a dispute in excess of $75,000.

15. This Court has subject matter jurisdiction under 28 U.S. Code § 1332 ("Diversity of citizenship; amount in controversy; costs").

**Facts**

16. Upon information and belief, De Pinto owned and operated a 2019 Chevrolet Camaro (VIN 1G1FE1R7XK0127481) (hereafter "Camaro") on Woodpark Blvd., Charlotte, NC

on September 12, 2020.

17. Upon information and belief, Huynh was a passenger in the driven by De Pinto on September 12, 2020, at the time of the Accident.

18. Upon information and belief, Castaneda owned and operated a 2008 Honda Civic on Woodpark Blvd., Charlotte, NC on September 12, 2020.

19. Upon information and belief, Cartomo and Amaya were passengers in the 2018 Honda owned and operated by Castaneda on September 12, 2020, at the time of the Accident.

20. Upon information and belief, Jones owned and operated a 2016 Volkswagen Golf GTI on Woodpark Blvd., Charlotte, NC on September 12, 2020

21. The Accident involved the vehicles driven by De Pinto, Castaneda, and Jones.

22. Upon information and belief, the Accident occurred while De Pinto and Jones engaged in a street race and drove at excessive speeds on Woodpark Blvd.

23. Upon information and belief, Castaneda pulled out of public vehicular area onto Woodpark Blvd. while De Pinto and Jones raced.

24. Upon information and belief, De Pinto, Huynh, Castaneda, Cartomo, Amaya, and Jones sustained injuries as a result of the Accident.

25. As a result of the Accident, De Pinto's Camaro, Castaneda's 2008 Honda, and Jones's 2016 Volkswagen Golf GTI sustained damage.

26. Prior to the Accident, Vito and Lisa De Pinto purchased policy # 940315173 from Progressive (hereafter "Policy").

27. The Policy had effective dates of July 16, 2020, to January 15, 2021.

28. The Policy lists Saverio De Pinto as an authorized driver under "Drivers and resident relatives" and lists the Camaro as an insured vehicle in the "Outline of coverage."

29. A true and accurate copy of the Policy is attached as **Exhibit 1**.

30. The Policy contains the following language:

## PART I – LIABILITY TO OTHERS

**INSURING AGREEMENT – BODILY INJURY**

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** for which an **insured person** becomes legally responsible because of an accident.

**INSURING AGREEMENT – PROPERTY DAMAGE**

If **you** pay the premium for this coverage, **we** will pay damages for **property damage** for which an **insured person** becomes legally responsible because of an accident.

. . .

If **you** pay the premium for Bodily Injury Liability and Property Damage Liability, **we** will settle or defend, at **our** option, any claim for **bodily injury** or **property damage** covered by this Part I.

. . .

**EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.**

Cover under this Part I, included **our** duty to defend, will not apply to any

**insured person** for:

. . .

5. **bodily injury** or **property damage** arising out of the use of the any vehicle, and resulting from, or sustained during practice or preparation for:

    a. any pre-arranged or organized racing, stunting, speed or demolition contest or activity by an **insured person**

. . .

(**Bold** emphasis in original.)

Verified Complaint for Declaratory Judgment – De Pinto - 00641C.00014

## PART II(B) – MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay the reasonable expenses incurred for necessary **medical services** received within three years from the date of a **motor vehicle** accident because of **bodily injury:**
1. sustained by an **insured person**; and
2. caused by that **motor vehicle** accident.

. . .

**EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART II(B).**

Coverage under this Par II(B) will not apply to **bodily injury:**

. . .

3. To any person resulting from, or sustained during practice or preparation for:
    a. any pre-arranged or organized racing, stunting, speed or demolition contest or activity; or
    b. any driving activity conducted on a permanent or temporary racetrack or racecourse;

. . .

(**Bold** emphasis in original.)

## PART IV – DAMAGE TO A VEHICLE

**INSURING AGREEMENT – COLLISION COVERAGE**

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a :
1. **covered auto**, including an attached **trailer**; or
2. **non-owned auto**; and its **custom parts or equipment**, resulting from **collision.**

. . .

**INSURING AGREEMENT – COMPREHENSIVE COVERAGE**

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a :
1. **Covered auto**, including an attached **trailer**; or

2. **Non-owned auto**; and its **custom parts or equipment**, resulting from **collision.**

. . .

**EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART IV.**

Coverage under this Part IV will not apply for loss:

. . .

3. To any vehicle resulting from, or sustained during practice or preparation for:
   a. Any pre-arranged or organized racing, stunting, speed or demolition contest or activity; or
   b. Any driving activity conducted on a permanent or temporary racetrack or racecourse. . .

(**Bold** emphasis in original.)

## FIRST CLAIM FOR RELIEF
### (No Coverage – Prearranged Racing and/or Speed Exclusion)

31. After the Accident, De Pinto sought coverage under Part I and IV of the Policy.

32. In order for De Pinto to have liability coverage under the Policy for property damage and bodily injury, the property damage and bodily injuries cannot be as a result of a pre-arranged and/or organized race or speed contest/activity.

33. In order for De Pinto and Huynh to receive Medical Payments Coverage, the bodily injury cannot be as a result of any pre-arranged and/or organized race or speed contest/activity.

34. In order for De Pinto to receive Collison or Comprehensive Coverage for the property damage to vehicle, the damage to his vehicle cannot be as a result of any pre-arranged and/or organized race or speed contest/activity.

35. Upon information and belief, De Pinto engaged in a motor vehicle race with Jones at the time of the Accident.

36. Upon information and belief, De Pinto engaged in a speed contest or activity with Jones at the time of the Accident.

37. Merriam-Webster Dictionary defines a race as "a competition between people, animals, vehicles, etc., to determine which one is the fastest; a contest of speed."

38. Upon information and belief, the motor vehicle race between De Pinto and Jones was pre-arranged.

39. Alternatively, upon information and belief, the motor vehicle race between De Pinto and Jones was organized.

40. Upon information and belief, social media posts on the NC CAR MEETS Facebook page describe the race and the Accident. (Attached as **Exhibits 2 - 7**.)

41. Upon information and belief and in a Facebook post dated September 12, 2020, Huynh claims he was a passenger in De Pinto's Camaro at the time of the Accident. (See **Exhibit 4**.)

42. Upon information and belief and in a Facebook post dated September 12, 2020, Huynh stated, "The Honda [expletive deleted] turn right in front of us." (See **Exhibit 4**.)

43. Upon information and belief and in the same Facebook post thread dated September 12, 2020, Anthony Sheffield stated, "I tried to tell people he pulled out from the side lot mid **race**." (**Bold** emphasis added). (See **Exhibit 5**.)

44. Upon information and belief and in the same Facebook post thread dated September 12, 2020, Roberto Orozco stated, "Dude in the camaro go to jail? Cause I know they got pretty heavy on enforcing the illegal **street racing**… hope both are okay tho [sic], this just put the **night scene more in jeopardy**." (See **Exhibit 4**.) (**Bold** emphasis added.)

45. Additional Facebook posts on NC CAR MEETS asked "where the meets in

7

Case 3:21-cv-00006-RJC-SCR    Document 1    Filed 01/06/21    Page 7 of 12
Verified Complaint for Declaratory Judgment – De Pinto - 00641C.00014

Charlotte at tonight" on September 12, 2020. (See **Exhibit 5**.)

46. Upon information and belief and in a Facebook post dated September 12, 2020, Matt Smith stated that the race was unsanctioned and that the side roads should have been blocked off. (See **Exhibit 3**.)

47. Video footage taken on September 12, 2020, depicts individuals lining Woodpark Blvd. prior to the Accident.

48. De Pinto gave a recorded statement to Progressive following the Accident.

49. Upon information and belief, a true and accurate copy of the recorded statement is attached as **Exhibit 8**.

50. Upon information and belief, Woodpark Blvd. had a speed limit of 35 miles per hour along the block where the Accident occurred.

51. In the recorded statement, De Pinto stated that he "was going to a car meet" on the evening the Accident. (See **Exhibit 8**, line 118.)

52. In the recorded statement, De Pinto describes racing a Volkswagen Golf GTI at the time of the Accident. (See, e.g., **Exhibit 8**, lines 132 - 174.)

53. In the recorded statement, De Pinto describes driving his Camaro 55 to 60 miles per hour at the time of the Accident. (See **Exhibit 8**, lines 132 - 134.)

54. In the recorded statement, De Pinto describes the Volkswagen traveling "probably close to 90 [mph] . . . if not faster." (See **Exhibit 8**, lines 258 - 264.)

55. Upon information and belief, the term "meet" as used on the Facebooks posts and in the recorded statement of De Pinto is another term for "race[.]"

56. Upon information and belief, Officer M. Aguinaga of the Charlotte Mecklenburg Police Department investigated the Accident.

57. Upon information and belief, a true and accurate copy of the DMV-349 accident report prepared by Officer Aguinaga is attached as **Exhibit 9**.

58. In the DMV-349 accident report, Officer Aguinaga indicates, "DRAG RACING WAS A CONTRIBUTING FACTOR FOR ALL VEHICLES." (See Exhibit 8.) (All capitalized letters are used in the original.)

59. At the time of the Accident, De Pinto and Jones were engaged in a pre-arranged and/or organized race.

60. Liability coverage (Part 1), medical payments coverage (Part II(B)), collision coverage (Part IV), and comprehensive coverage (Part IV) are not available for injuries and damages sustained in a pre-arranged or organized race or speed contest.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract - Failure to Cooperate with an Investigation)

61. Paragraphs 1-48 are re-alleged and incorporated herein by reference.

62. As a part of its investigation, on November 5, 2020, Counsel for Progressive mailed Saverio and Vito De Pinto a letter requesting to inspect De Pinto's Camaro and obtain electronic data from the vehicle's electronic data storage points. (See Letter to Saverio De Pinto and Vito De Pinto attached as **Exhibit 10**.)

63. On November 18, 2020, after being informed that De Pinto retained an attorney, Counsel for Progressive issued a letter to the attorney requesting to insect and obtain electronic data from De Pinto's Camaro. (See Letter to John Silverfield attached as **Exhibit 11**.)

64. The letters noted Part VI of the Policy provides a person seeking coverage must:

   1. cooperate with **us** in any matter concerning a claim or lawsuit;

   . . .

9
Case 3:21-cv-00006-RJC-SCR     Document 1     Filed 01/06/21     Page 9 of 12
Verified Complaint for Declaratory Judgment – De Pinto - 00641C.00014

> 7. allow **us** to have the damaged **covered auto**, or any other damage vehicle for which coverage is sought, inspected and appraised before its repair or disposal[.]

(**Bold** emphasis in original.)

65. De Pinto's attorney denied Progressive's request to download any electronic data from the Camaro's electronic data storage points.

66. De Pinto not allowing Progressive to download the Camaro's electronic data is a breach of De Pinto's duties under the Policy.

67. Upon information and belief, De Pinto's denial and the inability to download the Camaro's electronic data has materially prejudiced Progressive.

68. Upon information and belief, Defendants contend that coverage for some or all of the aforementioned claims are covered or potentially covered under the Policy.

69. Progressive denies that coverage is available and denies that it has a duty to defend De Pinto for any claims and in any lawsuit relating to the Accident.

70. Upon information and belief, the bodily injuries and property damages arose out of the Accident that occurred as a result of De Pinto and Jones engaging in a pre-arranged and/or race or speed contest/activity.

71. Therefore, the Policy does not provide coverage for Part I (Liability to Others), Part II(B) (Medical Payments Coverage) or Part IV (Damage to a Vehicle).

**WHEREFORE**, Progressive prays the Court for the following relief:

1. That the Court issue a declaratory judgment in Progressive's favor, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring that there is no

liability coverage, medical payments coverage to De Pinto or Huynh, or property damage coverage to De Pinto's vehicle on policy # 940315173 for claims arising out of the Accident.

2. That there be a trial by jury on all issues of fact; and

3. That the Court award any additional relief that it deems just and proper.

This the 6th day of January, 2021.

                                                  s/ Allen C. Smith
                                                  NC State Bar No. 19286
                                                  *Hedrick Gardner Kincheloe & Garofalo, LLP*
                                                  6000 Fairview Road, Suite 1000
                                                  Charlotte, NC 28210
                                                  PH:      704-319-5449
                                                  FAX:   704-602-8164
                                                  Email: acsmith@hedrickgardner.com

                                                  s/ Williams B. Britt
                                                  NC State Bar No. 54771
                                                  PH: 704-319-5431
                                                  FAX:   704-602-8105
                                                  Email: wbritt@hedrickgarnder.com

                                                  *Attorneys for Plaintiff Progressive American Insurance Company*

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**          **VERIFICATION**

I, Michael Dymek, being first duly sworn, depose and say that I am employed as a Claims Specialist Lead with Progressive Casualty Insurance Company, and in such capacity, I have read the foregoing Complaint and know the contents thereof, and that the same responses are true and correct to the best of my knowledge, except as to those matters and things alleged upon information and belief, and, as to those things, I believe them to be true.

**PROGRESSIVE AMERICAN INSURANCE COMPANY**

*/s/ Michael Dymek*
**Michael Dymek**

Mecklenburg County, North Carolina

Signed and sworn to before me this day by Michael Dymek.
(name of principal)

Date: 6-6-2021

*/s/ Susan C. Cox*
**Notary Public**

(Official Seal) — SUSAN C. COX, NOTARY PUBLIC, MECKLENBURG COUNTY, N.C.

My Commission Expires: 6-2-2025