# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00006-RJC-DSC

| | |
|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY, </br></br>Plaintiff, </br></br>v. </br></br>SAVERIO DE PINTO et. al., </br></br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss Amended Complaint or, Alternatively, to Transfer Venue" (document #22) filed April 9, 2021.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 2003). Where the issue of personal jurisdiction is disputed, the Court may order discovery directed at jurisdictional issues alone. See e.g., SAS Institute Inc. v. World Programming Ltd., 2011 WL 1059139, *5-*7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting that such discovery typically should be allowed "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery) and citing 4 J. MOORE, J. LUCAS & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, 2010 WL 889551 at *7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying those legal principles, the Court concludes that the parties should conduct limited jurisdictional discovery as outlined below. The jurisdictional facts are disputed but should be easily clarified through limited discovery. Accordingly, the Court will administratively deny Defendants' Motion to Dismiss without prejudice to their right to renew the Motion following completion of jurisdictional discovery.

**IT IS HEREBY ORDERED** that:

1. The parties shall conduct limited jurisdictional discovery with a deadline of August 15, 2021. Discovery shall be confined to personal jurisdiction issues related to the ownership of the 2019 Chevrolet Camero operated by Defendant Saverio De Pinto at the time of the collision.

2. Defendants' "Motion to Dismiss Amended Complaint or, Alternatively, to Transfer Venue" (document #22) is ADMINISTRATIVELY DENIED **WITHOUT PREJUDICE** to their right to renew the Motion following completion of jurisdictional discovery.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: May 18, 2021

David S. Cayer
United States Magistrate Judge