IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
**CASE NO.** 3:21-CV-00006-RJC-DSC

| | |
|---|---|
| **PROGRESSIVE AMERICAN INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAVERIO DE PINTO et al.,**<br><br>**Defendants.** | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Defendants' "Renewed Motion to Dismiss Complaint or, Alternatively, to Transfer Venue", (Doc. 33) filed Oct. 7, 2021.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' "Renewed Motion to Dismiss Complaint or, Alternatively, to Transfer Venue," (Doc. 33) be <u>granted in part and denied in part.</u>

### I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the factual allegations in the Complaint as true, a 2019 Chevrolet Camaro operated by Saverio De Pinto collided with an oncoming car on Woodpark Boulevard in Charlotte. Doc. 11 at 4. The collision occurred during an illegal speed competition. Id. The Camaro is co-owned by Saverio and his father Vito De Pinto. Id. Vito was not present at the collision. Id. The policy covering the Camaro was purchased by Saverio's parents Vito and Lisa De Pinto from Progressive Insurance. Id. Vito and Lisa are citizens of Florida. Doc. 11 at 2. Saverio is a citizen

of Florida residing in North Carolina while attending the NASCAR Technical Institute in Mooresville. Id.

Part I of the insurance policy agrees to "pay damages for bodily injury for which insured person becomes legally responsible because of an accident." Doc. 11 at 5. Part II (B) of the policy guarantees payment of "reasonable expenses incurred for necessary medical services received within three years from the date of a motor vehicle accident because of bodily injury: sustained by an insured person or caused by that motor vehicle accident." Doc. 11 at 6. Part IV agrees to "pay for sudden, direct and accidental loss to a covered auto or non-owned auto resulting from collision." All relevant sections of the policy include exceptions for damages resulting from "pre-arranged or organized racing." Id.

On Feb. 11, 2021, Plaintiff filed its Amended Complaint seeking a declaratory judgment that there is no coverage under Part 1 – Liability to Others, Part II (B) – Medical Payments Coverage, and/or Part IV – Damage to Vehicle on Progressive policy # 940315173 for claims arising from the collision. Plaintiff also asserts a breach of contract claim for failure to cooperate with the investigation as required by the policy.

On Oct. 7, 2021, Defendants filed their Motion to Dismiss the lawsuit or, in the alternative, transfer it to the Middle District of Florida. Defendants argue Lisa is an indispensable party because she is a policy holder and the Court lacks personal jurisdiction over her. Because she is an indispensable party who cannot be dismissed, Defendants argue that the case must be transferred. Defendants further argue Vito is not subject to personal jurisdiction here because he does not satisfy the minimum contacts requirement.

Plaintiff contends that Vito subjected himself to jurisdiction in North Carolina by co-signing Saverio's current apartment lease in Mooresville and co-signing a prior lease of Saverio's in North Carolina. Doc. 35 at 11. Vito also paid the prior rent and is now paying a portion of the current rent. Id.

## II. DISCUSSION

### A. Lisa De Pinto is Not an Indispensable Party

A Rule 19 analysis requires a "two step inquiry" to determine whether a party should be joined in an action. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of South Carolina Inc., 210 F.3d 246, 249 (4th Cir. 2000). The Court must determine whether a party is "necessary" to the action under Rule 19(a) and if "necessary," whether the party is "indispensable" under Rule 19(b).

#### a. Necessary Party

A party is necessary if they are a required party under Rule 19(a). A required party is "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). This person must be joined as a party "if, in that person's absence, the court cannot complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Id.

A defendant who possesses an interest that is separate and distinct from that of another defendant is necessary because their interests would be inadequately represented by the other

party. Nat'l Union Fire, at 249. But a party can serve as a proxy for an absent party if the interests of the two are identical. Id. In Nat'l Union Fire, subsidiaries of Rite Aid were covered under an insurance policy issued by plaintiff to Rite Aid. Id. at 247. A lawsuit was filed against subsidiary Rite Aid of South Carolina (RASC) for an improperly filled prescription that seriously harmed a customer. Plaintiff sought declaratory judgment that it had no obligation under the policy because RASC failed to comply with the notice provision. Id. at 248. RASC filed a motion to dismiss for failure to join Rite Aid as a necessary party. Id. RASC was covered under the policy as a subsidiary of Rite Aid but was not the policy holder. Id. The Fourth Circuit held that Rite Aid had a direct interest that could not be adequately represented by RASC because they were the contracting party and responsible for giving notice of claims under the policy. Id. at 250–51. Rite Aid had a further interest separate and distinct from RASC because the determination in this case would affect their reporting obligations in the future. Id.

Here, Lisa's interests are not separate and distinct from Vito's. Her interests are adequately represented by Vito who can serve as a proxy for her since their interests are identical. Lisa is at no risk of incurring double or inconsistent obligations because the only issue in the case is whether Progressive must provide coverage under the policy. Unlike Rite Aid, this determination will have no bearing on future obligations under the policy that could individually impact Lisa. The interests of Lisa and Vito are the same regardless of the outcome of this case.

Since Lisa is not a necessary party, a 19(b) inquiry is not warranted. For these reasons, the undersigned respectfully recommends that Lisa De Pinto be dismissed as a party defendant.

B. **Vito is Subject to Personal Jurisdiction in North Carolina**

   a. **Standard of Review**

"Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). While this burden varies depending on the procedural posture of the case, "when the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Id. at 268 (citations omitted); Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004); Human Res. Certification Inst. v. Human Res. Prof'l Ass'n, 453 F. App'x 349, 350 (4th Cir. 2011). "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff." Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003); Boykin Anchor Co. v. AT&T Corp., No. 5:10-CV-591-FL, 2011 WL 1456388 (E.D.N.C. Apr. 14, 2011); see also Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 560 (4th Cir. 2014) (declining to discredit plaintiff's affidavits because they were contradicted by defendant at the prima facie stage). "A plaintiff makes a prima facie showing in this context when it 'present[s] evidence sufficient to defeat a motion for judgment as a matter of law.'" Debbie's Staffing Servs., Inc. v. Highpoint Risk Servs., LLC, No. 1:17CV657, 2018 WL 1918603, at *2 (M.D.N.C. Apr. 20, 2018) (citations omitted).

"Once a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position."

Pathfinder Software, LLC v. Core Cashless, LLC, 127 F. Supp. 3d 531, 538 (M.D.N.C. 2015); see also Wolf v. Richmond Cty. Hosp. Auth., 745 F.2d 904, 908 (4th Cir. 1984). A plaintiff must prove facts sufficient for the Court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

A federal district court may only assert personal jurisdiction over a non-resident defendant when two conditions are met: "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4(1)d, is construed "to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Id. (citing Century Data Sys., Inc. v. McDonald, 109 N.C. App. 425, 427, 428 S.E.2d 190, 191 (1993)). Moreover, the North Carolina long-arm statute provides that personal jurisdiction can be exercised over a non-resident: "in any action which arises out of a contract of Insurance . . . made anywhere between the plaintiff . . . and the defendant" and "the event out of which the claim arose occurred within this State, regardless of where the plaintiff resided." N.C. Gen. Stat. § 1-75.4(10). "Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. State of Wash., Office of Unemp't Comp. & Placement, 326 U.S. 310, 316 (1945)).

b. **Vito Has Sufficient Minimum Contacts**

Minimum contacts sufficient to establish personal jurisdiction over a non-resident defendant may arise under specific jurisdiction or general jurisdiction. See Carefirst, 334 F.3d at

397. The court has specific jurisdiction where the non-resident defendant's "contacts with the forum also provide the basis for the suit." Id. General jurisdiction applies where the defendant's contacts with the forum are so "continuous and systematic" as to provide support for jurisdiction over any cause of action. Id.

Here, it is clear Vito does not have "continuous and systematic" contacts to subject him to general jurisdiction in this forum. The analysis focuses on whether he is subject to specific jurisdiction. In determining whether a defendant is subject to specific personal jurisdiction, "[f]airness is the touchstone of the jurisdictional inquiry," Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). A three-part test is employed to determine whether exercise of jurisdiction comports with due process. Id. The Court considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002) (internal quotation marks omitted). "This relationship between the defendant and the forum must be 'such that he should reasonably anticipate being haled into court there.'" World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In determining whether jurisdiction is constitutionally reasonable, courts consider factors such as: "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." Consulting Eng'rs, Corp. v. Geometric Ltd., 561 F.3d 273, 279 (4th Cir. 2009). As the Fourth Circuit has explained, "[m]ore

generally, our reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation so gravely difficult and inconvenient that a party is unfairly at a 'severe disadvantage' in comparison to his opponent.'" Christian Sci. Bd., 259 F.3d at 217 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)). As the Fourth Circuit stated in the final analysis, "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g. & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012), cert. denied, 133 S. Ct. 846 (2013).

Applying these principles, the exercise of personal jurisdiction over Vito is proper. He purposefully availed himself of the privileges of conducting activities in this state sufficient to establish personal jurisdiction. First, Vito owns the Camaro. He knowingly allowed his son to bring the vehicle to North Carolina when he moved here as a full-time student. Vito knew he could be liable for a collision when the vehicle was operated by his son here. The collision occurred while his son was operating the vehicle here. See N.C. Gen. Stat. § 1-75.4(10). Finally, Vito has executed leases and paid for rent in this state. His contacts with the forum are such that he should reasonably anticipate being "haled into suit" here for matters arising out of those contacts.

Plaintiff further asserts Vito is subject to personal jurisdiction under N.C. Gen. Stat. § 1-105. Having concluded that the exercise of specific jurisdiction is proper, the Court does not reach this issue.

For those reasons, the undersigned respectfully recommends that the Motion to Dismiss for lack of Personal Jurisdiction be denied.

## C. Venue is Proper in the Western District of North Carolina

"A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the actions is situated." 28 U.S.C. § 1391(b)(2). Under 28 U.S.C. § 1404(a), the district court may "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed to the sound discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir.1991).

The Court must first determine whether the case could have been brought in the transferee district. If venue in the transferee district is proper, as it is here, the Court must consider the following factors in deciding whether the matter should be transferred:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a jury view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008). See also Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93 (W.D.N.C. 1990). Defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech. Inc., 719 F.Supp. 446, 451 (W.D.N.C.

1989). Courts should make both a quantitative and a qualitative analysis of these factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F. Supp. 351, 354 (W.D.N.C.1990).

### a. Plaintiff's Initial Choice of Forum

Plaintiff's choice of forum is given considerable weight and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir.1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)). See Brown v. Flowers, 297 F.Supp.2d 846, 850 (M.D.N.C.2003) (citing Collins), aff'd, 196 Fed. Appx 178 (4th Cir.2006). Defendant bears a particularly heavy burden when it moves pursuant to Section 1404(a) to transfer an action from a district where venue is proper. Borgwarner, Inc. v. Honeywell Intern., Inc., No. 1:07cv184, 2008 WL 394991, at *3 (W.D.N.C. February 11, 2008). As this Court has previously noted, it is "black letter law," that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed." Phillips v. S. Gumpert Co., Inc., 627 F. Supp. 725, 726-27 (W.D.N.C.1986) (citations omitted). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

Here, the operative events occurred in this district. All parties who were injured in the collision reside in Charlotte, North Carolina. Saverio continues to reside here while attending the NASCAR Technical Institute. All evidence and witnesses are located here, and the investigating officer is a member of the Charlotte Mecklenburg Police Department. This factor supports venue in this district.

### b. Residence of the Parties

Vito and Lisa both reside in Florida. Saverio and everyone involved in the collision currently reside in North Carolina. This factor supports venue in this district.

### c. Relative Ease of Access of Proof

The bulk of the evidence is located in the Western District of North Carolina. There is no evidence in the Middle District of Florida. This factor supports venue in this district.

### d. Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses

Witnesses are located in the Western District of North Carolina. Vito is the only potential witness at risk of incurring travel expenses. Transferring venue would inconvenience other potential witnesses. This factor supports venue in this district.

### e. The Possibility of a Jury View

This factor supports venue in this district.

### f. Other Practical Problems That Make a Trial Easy, Expeditious, and Inexpensive

Although Vito will have to travel, trial in this district will be less expensive for all other parties involved. This factor supports venue in this district.

### g. The Interest in having Localized Controversies Settled at Home and the Appropriateness in Having the Trial of a Diversity in a Forum that is at Home with the State Law that must Govern the Action.

The collision occurred in North Carolina. Saverio continues to reside in North Carolina. This factor supports venue in this district.

### h. Remaining Factors

The remaining factors – relative advantages and obstacles to a fair trial, enforceability of a judgment, administrative difficulties of court congestion, and avoiding unnecessary conflict-of-law problems – are neutral.

Having considered the factors individually, the Court also considers these factors cumulatively. Both quantitively and qualitatively, these factors disfavor transfer. Plaintiff chose this forum, the events took place here, and all relevant witnesses reside here.

Accordingly, the Court concludes that the interests of justice and convenience warrant <u>denying</u> Defendant's Motion to Transfer Venue under Section 1404(a).

### D.  DEFENDANT'S 12(B)(6) MOTION TO DISMISS

Defendants filed a 12(b)(6) Motion to Dismiss but fail address it in their briefs. Accordingly, the undersigned recommends this Motion be <u>denied.</u>

### III.   RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant De Pinto's Rule 12(b)(2), (3), (6) Motion to Dismiss Plaintiff's Amended Complaint," Doc. 33, be **GRANTED IN PART AND DENIED IN PART. SPECIFICALLY, THAT LISA DE PINTO BE DISMISSED AND THE MOTION OTHERWISE BE DENIED.**

### IV.   NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315–16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845–46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad Jr.

**SO RECOMMENDED.**

Signed: February 7, 2022

_____
David S. Cayer
United States Magistrate Judge