| | |
|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) SAVERIO DE PINTO ET AL., ) ) Defendants. ) ) | **Order** |

**THIS MATTER** comes before the Court on Defendants' Renewed Motion to Dismiss Amended Complaint or, Alternatively, to Transfer Venue, (DE 33), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (DE 37). Having fully considered the arguments, the record, and the applicable authority, the Court will adopt the M&R to the extent the M&R addressed the merits of a claim and will grant in part and deny in part Defendants' Renewed Motion to Dismiss. Specifically, Lisa De Pinto is dismissed and the motion otherwise is denied.

**I. BACKGROUND**

Defendants object to the M&R's statement of the background of this case for omitting or mislabeling pertinent information. (DE 39 at 11). The Court will complete a de novo review of the facts below.

**A. Procedural Background**

Plaintiff Progressive American Insurance Company ("Progressive") filed a Complaint for declaratory judgement on January 6, 2021 against Saverio De Pinto among others.[1] (DE 1). On

---

[1] As well as: Tyler Huynh, Manuel Castaneda, Jason Cartomo, Melvin Oved Banegas-Amaya, and Matthew Jones.

1

February 3, 2021, Defendants filed a Motion to Dismiss the Complaint or, Alternatively, to Transfer Venue. (DE 9). The motion became moot after Progressive filed an Amended Complaint joining Lisa De Pinto and Vito De Pinto as additional defendants. (DE 11, 12). Defendants then filed a Motion to Dismiss the Amended Complaint or, Alternatively, to Transfer Venue on April 9, 2021. (DE 22). On May 18, 2021, the Magistrate Judge administratively denied the Motion to Dismiss and ordered the parties to conduct limited jurisdictional discovery on the issue of personal jurisdiction. (DE 26). After conducting the limited discovery, Defendants filed the now pending Renewed Motion to Dismiss the Amended Complaint or, Alternatively, to Transfer Venue on October 7, 2021. (DE 33). After a timely Response and Reply were filed by the parties, the Magistrate Judge issued an M&R recommending (1) that Lisa De Pinto be dismissed as a party, (2) that personal jurisdiction is proper over Vito De Pinto, (3) that venue is proper in the Western District of North Carolina, and (4) that Defendants' 12(b)(6) claim be denied for Defendants' failure to address it during briefing of the instant motion.[2] (DE 37 at 12). Defendants filed an objection arguing that (1) Vito is not subject to personal jurisdiction in North Carolina, (2) venue is improper in the Western District of North Carolina, and (3) the Magistrate Judge erred by failing to consider Defendants' 12(b)(6) claim that was incorporated by reference. (DE 39). Defendants did not object to the M&R's conclusion that Lisa is not a necessary nor indispensable party. (*Id*.).

B.  **Factual Background**

On September 12, 2020, a car accident involving defendant Saverio De Pinto occurred on Woodpark Boulevard in Charlotte, North Carolina. (DE 11 at ¶22, ¶29). Progressive alleges that

---

[2] The 12(b)(6) issue was fully briefed by the parties in regard to Defendants' Motion to Dismiss the Amended Complaint or, Alternatively, to Transfer Venue, (DE 22), which was administratively denied by the Magistrate to allow the Parties to conduct limited jurisdictional discovery. Defendants now pending Renewed Motion to Dismiss renews the 12(b)(6) claim and incorporates by reference all previous arguments. The M&R did not discuss the merits of the 12(b)(6) claim.

2

the accident occurred while Saverio was engaged in illegal street racing. (*Id*. at ¶30). Defendants contest this allegation. (DE 23 at 3). At the time of the accident, Saverio was driving a 2019 Chevrolet Camaro that he co-owns with his father, Vito De Pinto. (DE 11 at ¶22; DE 34 at 1). Saverio's parents Vito and Lisa De Pinto are the named insureds on a Progressive insurance policy covering the Camaro. (DE 1, Exhibit 1 at 2). Saverio is listed as an authorized driver on the policy. (*Id*.). The policy was purchased and executed in Florida. (DE 23 at 6). Saverio is a resident of Florida, but currently resides in Mooresville, North Carolina while he attends the NASCAR Technical Institute. (DE 11 at ¶¶7–8). Both Vito and Lisa De Pinto are citizens and residents of Florida. (*Id*. at ¶ 9). Progressive is a multi-state insurer incorporated in Ohio with its principal place of business in Ohio. (*Id*. at ¶6).

Progressive filed its Amended Complaint which seeks a declaratory judgement that there is no coverage available under its policy with the De Pinto's for claims arising from the accident. (*Id*. at ¶2). Progressive's first claim states that coverage cannot be afforded due to a policy exclusion, which denies coverage of claims arising from "any pre-arranged or organized racing, stunting, speed or demolition contest or activity." (*Id*. at ¶¶39–79). Progressive's second claim states that it is not obligated to provide coverage because the De Pinto's failed to cooperate with Progressive's investigation by denying its request to download electronic data from the Camaro after the accident. (*Id*. at ¶¶80–86). According to Progressive, this violates the section of the Policy that requires persons seeking coverage to cooperate with Progressive "in any matter concerning a claim or lawsuit" amounting to a breach of contract. (*Id*. at ¶82).

## II. STANDARD OF REVIEW

### A. Memorandum and Recommendation

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A)

& (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72, advisory committee note).

### B. Motion to Dismiss under Rule 12(b)(6)

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. FED. R. CIV. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2). *Fannie Mae v. Quicksilver LLC.*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

4

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." *Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

### C. Motion to Dismiss Under Rule 12(b)(2)

"When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). However, when "the district court decides jurisdiction on the motion papers alone, the plaintiff need only make a prima facie showing of a sufficient jurisdictional basis to prevail." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016). "When determining whether a plaintiff has made the requisite prima facie showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016).

### III. DISCUSSION

5

### A. Venue is Proper in the Western District of North Carolina and Transfer is not Warranted

Venue is governed by 28 U.S.C. §1391, which states in relevant part: "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The M&R found that venue was proper in the Western District of North Carolina. Defendants object to this finding, arguing that venue is improper because this case is one of contractual interpretation, rather than a factual based inquiry. Consequently, under §1391(b)(2), Defendants argue that the operative "events" that give rise to Progressive's claim are narrowly confined to those that pertain to the issuance of the insurance policy, which took place in the Middle District of Florida. (DE 23 at 12). Therefore, Defendants contend that venue is improper in the Western District of North Carolina where the accident occurred. (*Id.*).

Progressive's claim is not one of pure contractual interpretation as there is no dispute that the policy excludes coverage for street racing. Instead, the main dispute is over the facts, particularly whether the accident occurred during an illegal street race in Charlotte, North Carolina. (DE 11). All the insurance claims that Defendants have made seeking coverage under the policy for medical payments, vehicle damage, and personal property damage stem from one event: Saverio De Pinto's car accident in Charlotte, North Carolina. (DE 35 at 13). Progressive's claim that the De Pinto's breached the policy by failing to comply with its investigation, too, stems from this event. (DE 1). Progressive's liability under this insurance policy depends on disputed facts that occurred in this District, not on contract interpretation. Therefore, venue is proper in the Western District.

Defendants also object to the M&R's conclusion that transferring venue to the Middle District of Florida is unwarranted. Specifically, Defendants argue that even if venue is proper in

6

the Western District of North Carolina, convenience favors transfer to the Middle District of Florida because the witnesses and evidence relevant to the issuance of the policy are located there. (DE 23 at 12). Under 28 U.S.C. §1404(a), a district court may transfer a civil action to any other district where it may have been brought "for the convenience of parties and witnesses" and "in the interest of justice." The question of transfer for convenience is committed to the discretion of the district court. *See Stewart Organization, Inc. v. Rioch Corp.*, 487 U.S. 22, 29 (1988). The district court must weigh private factors that "bear solely on the parties' private ordering of their affairs" with "public interest factors of systemic integrity and fairness." *Id*. at 30. Based on this guidance by the Supreme Court, district courts evaluate eleven factors to decide whether the matter should be transferred:

> (1) The plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgement, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

*Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 239 (W.D.N.C. 2008); *see also Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93, 96 (W.D.N.C. 1990). Courts should make both a quantitative and a qualitative analysis of these factors. *See McDevitt & Street Co. v. Fidelity and Deposit Co.,* 737 F. Supp. 351, 354 (W.D.N.C.1990). Defendants have "the burden of persuasion and must show (1) more than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." *Datasouth Computer Corp. v. Three Dimensional Tech. Inc.*, 719 F. Supp. 446, 451 (W.D.N.C. 1989).

7

Here, an analysis of the factors shows that transfer is not warranted in the "interest of justice."

**Plaintiff's Initial Choice of Forum**: Plaintiff's choice of forum is given considerable weight, and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir.1984) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1946)). It is "black letter law" that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed." *Phillips v. S. Gumpert Co., Inc.*, 627 F. Supp. 725, 726–27 (W.D.N.C.1986) (citations omitted); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). This factor strongly supports venue in this district.

**Residence of the Parties**: Saverio[3] and all other Defendants involved in the accident currently live and/or reside in North Carolina. (DE 11 at ¶¶7–16). Aside from Lisa, who is not a necessary party, Vito is the only Defendant that does not reside in North Carolina. (*Id*.). Progressive has its headquarters and principal place of business in Ohio. (*Id*.). Most individuals involved in this litigation reside in North Carolina; this factor strongly supports venue in this district.

**Relative Ease of Access of Proof**: Plaintiff has claimed that all relevant witnesses and evidence to the car accident are in this district. (DE 24 at 19). Defendants claim that the relevant witnesses are the corporate employees from Progressive who were involved with the negotiation and execution of the insurance contract. (DE 39 at 9). As previously described, the crux of this case is resolving disputed facts, not interpreting a contract. Therefore, North Carolina is the

---

[3] While Saverio is a Florida citizen, he currently lives in North Carolina while he attends school here.

8

location with the easiest access to proof and witnesses surrounding the accident. This factor supports venue in this district.

**Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses**: Most witnesses are in the Western District of North Carolina. Only Vito, and if it is necessary, a corporate employee from Progressive, would incur travel expenses as witnesses. This factor supports venue in this district.

**Possibility of a jury view**: A jury view of the scene of the accident is only practicable in North Carolina. This factor supports venue in this district.

**Other practical problems that make trial easy, expeditious, and inexpensive**: As stated above, most witnesses will not have to travel for trial. This factor supports venue in this district.

**Appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action**: "A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits, including the state's choice-of-law rules." *Volvo Const. Equipment North America, Inc. v. CLM*, 386 F.3d 581, 599-600 (4th Cir. 2004); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938); *Klaxton Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487 (1941) (forum state's choice-of-law rules are substantive). According to North Carolina choice-of-law rules, "the interpretation of a contract is governed by the law of the place where the contract was made." *Tanglewood Land Co., Inc. v. Byrd*, 299 N.C. 260, 262 (1980). The De Pinto's insurance policy was executed in Florida; therefore, Florida law will govern the interpretation of the policy. This factor supports venue in the Middle District of Florida.

**Remaining Factors**: The remaining factors – enforceability of a judgement, relative advantages and obstacles to a fair trial, interest in having localized controversies settled at home,

9

administrative difficulties of court congestion, and avoidance of unnecessary conflict of laws – are all neutral.

Having considered these factors individually and cumulatively, transfer of venue is disfavored in both quantity and quality. Moreover, Defendants' two cited cases, one from the Western District[4] and one from the Middle District[5] of North Carolina, that allegedly support venue transfer are distinguishable from the present case. (DE 39 at 7).

In *CTS Corp.*, there were no disputed facts pertaining to the groundwater contamination (which occurred in North Carolina) that gave rise to CTS's claim for coverage under its general liability and catastrophe insurance policies; the only controversy was over the interpretation of the policies. *See CTS Corp.*, 356 F. Supp. 2d at 586–88 ("At issue is the meaning of the pollution exclusion clause in these contracts which excluded from coverage damages arising out of the discharge of pollutants."). As there was no factual dispute, the court reasoned that transfer from North Carolina to Indiana was proper because the witnesses to the negotiation and execution of the insurance contract, between an Illinois based insurance company and Indiana based insured, were located in Indiana. *Id.* at 589. Here, the parties disagree as to whether Saverio was engaged in illegal street racing when he was involved in the car accident – a core fact upon which Progressive's liability depends. *See supra* 2-3. The parties do not disagree on the contractual language. Therefore, relevant evidence and witnesses for this factual determination are here, in North Carolina, which supports venue in this forum.

Similarly, the second case that Defendants cite, *Future Van Lines*, is not analogous to the present facts. First, in *Future*, the case turned on contract interpretation; here, the case turns on

---

[4] *Am. Motorists Ins. Co. v. CTS Corp.*, 356 F. Supp. 2d 583 (W.D.N.C. 2005) (J., Thornburg).
[5] *Progressive Cas. Ins. Co. v. Future Van Lines, LLC.*, 1:20-CV-960, 2021 WL 4413319, at *4 (M.D.N.C. Sept. 27, 2021) (J., Biggs).

factual determinations. *See* 2021 WL 4413319, at *2 ("Progressive's declaratory judgment action is one of contract interpretation and will turn on the meaning of certain policy provisions—not on the details of the North Carolina accident."). Second, in *Future*, none of the parties resided in North Carolina; here, the six defendants who were injured in the accident currently live and/or reside in North Carolina. *See* 2021 WL 4413319, at *2; (DE 11 at ¶7-¶16). Third, the plaintiff in *Future* could not demonstrate that questions of fact would be resolved by North Carolina witnesses or evidence; here, Progressive has at least alleged that pertinent witnesses to the accident reside in North Carolina. *See* 2021 WL 4413319 at *3; (DE 24 at 19). *Future*, therefore, is not synonymous to the present case and does not support transferring venue to the Middle District of Florida.

Accordingly, after examining the facts of the case, analyzing the transfer factors, and reviewing relevant case law, the Court concludes that the interests of justice and convenience warrant denying Defendants' Motion to Transfer Venue under §1404(a).

### B. Plaintiff Properly Stated a Claim for Declaratory Relief

Defendants moved to dismiss Progressive's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6), arguing that Progressive failed to state a proper claim for declaratory relief by failing to allege any ambiguity over the interpretation of the policy. (DE 23 at 10–11). According to Progressive, declaratory judgment actions can turn on disputed facts and do not require contractual ambiguities. (DE 24 at 13). The M&R failed to address Defendants' renewed 12(b)(6) motion so the Court will decide the issue in the first instance.

A federal court properly exercises jurisdiction over a claim for declaratory judgement "when three essentials are met: (1) the complaint alleges an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance of a declaratory judgement;' (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or

11

diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo*, 386 F.3d at 592 (quoting 28 U.S.C. § 2201).

An "actual controversy" within the meaning of Article III may exist when "a plaintiff seeks declaratory relief in order to avoid the accrual of potential damages for past actions." *Volvo*, 386 F.3d at 593 (holding that an actual controversy existed because the plaintiff could reasonably expect multiplicity of litigation and liability for ongoing damages). The controversy remains justiciable if it turns on a question of fact as the Supreme Court has found declaratory relief proper when it turns on disputed facts. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937) ("That the dispute turns upon questions of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is everyday practice."). Cases cited by Defendants in Florida also confirm this.[6] *See, e.g.*, *Daytona Beach Riverhouse, Inc. v. Chubb Custom Ins. Co.*, No. 6:13-CV-1461-ORL-22GJK, 2014 WL 12611320, at *3 (M.D. Fla. Mar. 20, 2014) ("A court may issue a declaratory judgment under the Declaratory Judgment Act based on a dispute that turns on a question of fact.") (citing *Aetna*, 300 U.S. at 242); *State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, No. 6:06-CV-1757-ORL-GJK, 2008 WL 11338611, at *4 (M.D. Fla. Apr. 1, 2008) (denying motion to dismiss where the moving party argued that declaratory judgment actions involving contracts require an ambiguity to proceed).

---

[6] The only case cited by Defendants which supports the contention that an ambiguity is required was a report and recommendation ("R&R") that appears to misinterpret existing case law as well as the declaratory judgment act. *Young v. Lexington Ins. Co.*, No. 18-62468-CIV, 2018 WL 7572240, at *2 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019). Tellingly, no objections were filed to the R&R, and the final order adopting the R&R failed to discuss any substantive issues.

12

Here, Progressive initiated the action after the De Pinto's sought coverage under the policy for medical payments, damage to the Camaro, and liability to others. (DE 11 at ¶ 40–41). Upon information and belief, Progressive alleges that five other defendants who were injured in the accident will pursue similar claims against the De Pinto's and Progressive, and that the De Pinto's will seek indemnification from Progressive. (DE 11 at ¶¶72–74). Although this controversy depends on a factual determination of whether Saverio was engaged in street racing at the time of the accident, it is still appropriate for judicial determination. This controversy is not hypothetical or abstract in character; therefore, this Court finds that this case presents an "actual controversy" within the meaning of 28 U.S.C. § 2201.

The second prong under *Volvo* is also satisfied because this Court possesses federal subject matter jurisdiction over the parties under 28 U.S.C. § 1332. (DE 11 at ¶21). The third prong of *Volvo* is satisfied because a court does not abuse its discretion in exercising jurisdiction over a controversy where a judgment "will serve a useful purpose in clarifying and settling the legal relations in issues" while respecting principles of efficiency by comprehensively disposing of the litigation. *Aetna,* 300 U.S. at 325*; see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Progressive alleges facts that, taken as true and viewed in the light most favorable to them, are facially plausible, allowing the court to draw the reasonable inference that Defendants were engaged in an illegal street race at the time of the accident and are not qualified for coverage under the policy. (DE 11). Therefore, this Court finds that Progressive has properly stated a claim for declaratory relief and denies Defendants' motion to dismiss the complaint under Rule 12(b)(6).

### C. Vito is Subject to Personal Jurisdiction in North Carolina

Defendants' allege that the exercise of jurisdiction over Vito in the Western District of North Carolina is improper (1) on a statutory basis and (2) under a minimum contacts analysis.

13

> i. N.C. G<small>EN</small>. S<small>TAT</small>. § 1-75.4(10) Provides a Valid Statutory Basis for this Court to Exercise Personal Jurisdiction Over Vito

In their Memorandum in Support of their Motion to Dismiss Plaintiff's Amended Complaint (DE 23), Defendants claim that the two statutes (N.C. G<small>EN</small>. S<small>TAT</small>. § 1-105 and N.C. G<small>EN</small>. S<small>TAT</small>. § 20-71.1) Progressive cited in its Amended Complaint as a basis for statutory personal jurisdiction do not extend to Defendant Vito. The Parties also addressed North Carolina's long-arm statute (N.C. G<small>EN</small>. S<small>TAT</small>. § 1-75.4) in their briefing. (*Id*. at 8). The M&R did not engage in an analysis of § 1-105 or § 20-71.1; rather, it held that North Carolina's long arm statute, specifically § 1-75.4(10), provides a sufficient basis for this Court to exercise personal jurisdiction over Vito. (DE 37 at 6). Defendants generally object to the M&R's analysis of § 1-75.4 as a basis for personal jurisdiction and specifically contend that if it does apply to Count I it does not apply to Vito under Count II of the Amended Complaint because the Defendants submitted their objection to participate in Progressive's investigation from Florida, precluding it from being joined in the same action under N.C. G<small>EN</small>. S<small>TAT</small>. § 1-75.5. (DE 39 at 5).

A federal district court may only assert personal jurisdiction over a nonresident defendant when it is (1) "authorized by the long-arm statute of the forum state" and if it (2) "comport[s] with Fourteenth Amendment due process requirements." *Christian Sci. Bd. Of Dirs. Of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). North Carolina's long arm statute is "construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." *Id*. (citing *Century Data Systems, Inc. v. McDonald*, 109 N.C. App. 425, 428 S.E.2d 190, 191 (1993)). The North Carolina long-arm statute authorizes a court to exercise personal jurisdiction over a nonresident defendant: "in any action which arises out of a contract of Insurance … made anywhere between the plaintiff … and the defendant" when "the event out of which the claim arose occurred within this State, regardless of where the plaintiff resided." N.C.

GEN. STAT. § 1-75.4(10)(b). Section 1-75.5 governs joinder of claims, and states that if "any action [is] brought in reliance upon jurisdictional grounds stated in subdivisions (2) to (10) of G.S. 1-75.4," any additional action to be joined must have an independent basis for personal jurisdiction under N.C. GEN. STAT. § 1-75.4.

Progressive's claims arise from the Defendants' request for coverage under a contract for insurance that was issued to Defendants in Florida. (DE 11); (DE 23 at 6). However, because this claim is highly dependent on the facts and not solely concerned with an issue of contractual interpretation, it is proper to characterize the "event out of which the claim arose" as the accident that occurred on Woodpark Blvd., Charlotte NC.[7] (DE 11 at ¶1). This is true for both Counts in Progressive's Amended Complaint. For Count II, even though Defendants' allege that the breach of contract occurred when Defendants' attorney submitted an objection to comply with Progressive's investigation from Florida, it is improper to rely on the location of where an attorney filed an objection for § 1-75.4(10) purposes lest the Court incentivize parties to circumvent jurisdiction by retaining an attorney in a different jurisdiction. (DE 43 at 5). The "event" out of which the declaratory action on the contractual claim arose should be properly understood as the car accident – the genesis of this dispute. Therefore, Vito is subject to jurisdiction in North Carolina under N.C. GEN. STAT. § 1-75.4(10) for both Counts of Progressive's Complaint. However, as Progressive failed to plead this statute, the Court will grant Progressive leave to amend its complaint to correctly plead § 1-75.4(10) as the statutory basis for personal jurisdiction over the nonresident Defendant.

---

[7] The Court declines to presume that the Defendants would not be subject to § 1-75.4(10) under these facts. *See generally Columbus Life Ins. Co. v. Wells Fargo Bank, N.A.*, No. 21-CVS-0052, 2021 WL 4024568, at *11 (N.C. Super. Sept. 2, 2021); *Wells Fargo Bank, N.A. v. Affiliated FM Ins. Co.*, 193 N.C. App. 35, 49 n.2 (2008); *Cameron-Brown Co. v. Daves*, 83 N.C. App. 28, 284 (1986).

### ii. Vito has Sufficient Minimum Contacts in North Carolina

After concluding that the exercise of jurisdiction over the Defendants was authorized by the long-arm statute of the state, the M&R concluded that Vito has sufficient minimum contacts with North Carolina, satisfying the test for specific jurisdiction. (DE 37 at 8). Defendants object and argue that the M&R failed to demonstrate how Progressive's claim arose from Vito's contacts with the forum.

There are two varieties of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. *Helicopterous Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9 (1984). Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. *Id.* at 414 n. 8. The Fourth Circuit has "synthesized the requirements of the Due Process Clause for asserting specific jurisdiction into a three-part test ... (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294–95 (4th Cir. 2005) (citing *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 712 (4th Cir. 2002)). "This relationship between the defendant and the forum must be 'such that he should reasonably anticipate being haled into court there.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Vito allowed his son to drive the Camaro, that he owned and insured, to North Carolina to be driven continuously in North Carolina while Saverio attended school at the NASCAR Technical

16

Institute. (DE 11). The Fourth Circuit has held that these circumstances alone are sufficient to establish specific jurisdiction over a nonresident defendant. *See Davis v. St. Paul-Mercury Indem. Co.*, 294 F.2d 641, 648 (4th Cir. 1961) (holding that "ownership of property, particularly that which is capable of inflicting serious injury, may fairly be coupled with an obligation upon the owner to stand suit where the property is or has been taken with his consent."). In *Davis*, a Texas resident purchased a car to be used by her son while he was stationed as a marine at Camp Lejeune, North Carolina. *See* 294 F.2d at 643. The insurance policy covering the vehicle covered anyone who drove it with the permission of the named insured. *See id.* Her son allowed a fellow marine to drive the vehicle, which led to the death of a North Carolina resident. *See id.* The Fourth Circuit upheld jurisdiction over the Texas resident even though she was never present in the state and was not driving the vehicle at the time of the accident; it was enough that she allowed her son, and whoever he gave permission, to drive and operate the vehicle in the forum for the state to exercise personal jurisdiction over her. *See id.* at 648.

Vito also executed leases and paid for rent in North Carolina on behalf of his son, with the knowledge that the Camaro would be parked at his son's residence in North Carolina when not in use. And, after the accident, the Camaro was towed and stored in North Carolina. North Carolina is also where Progressive requested to inspect the Camaro. Vito thus purposefully availed himself to the forum and it was foreseeable that should an accident with the Camaro occur in North Carolina, he could be hauled to court in North Carolina. Progressive's claim arises out of this activity, condoned by Vito. Therefore, the exercise of personal jurisdiction over Vito is proper.

   iii.  <u>Lisa De Pinto is Not an Indispensable Party</u>

No Party objected to the M&R's conclusion that Lisa De Pinto is not an indispensable party. (DE 37 at 3-4; DE 39). Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written

objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). No objection to the M&R's finding that Lisa De Pinto is not an indispensable party having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of this issue covered in the M&R. Nevertheless, this Court has conducted a full review of the issue and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The M&R, (DE 37), is **ADOPTED** to the extent it addressed the merits of a claim. Specifically, the M&R is **ADOPTED** as to all issues except for the denial of Defendants' 12(b)(6) claim for failure to address the claim during briefing of the instant motion;

2. Defendants' Renewed Motion to Dismiss the Amended Complaint or, Alternatively, to Transfer Venue, (DE 33), is **GRANTED in part** and **DENIED in part**. Specifically, Lisa De Pinto is **DISMISSED,** and the motion otherwise is **DENIED**.

3. The Court **GRANTS** Plaintiff thirty (30) days leave from the issuance of this Order to amend the Amended Complaint to correctly plead N.C. GEN. STAT. § 1-75.4(10) as the statutory basis for personal jurisdiction over the nonresident Defendant.

**SO ORDERED**.

Signed: July 3, 2022

*[signature]*

Robert J. Conrad, Jr.
United States District Judge