IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00006-RJC-SCR

| | |
|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) SAVERIO DE PINTO, et. al., ) ) Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Compel Discovery from Defendants Saverio De Pinto And Vito De Pinto" (Doc. No. 54) and "Plaintiff's Motion for Sanctions Against Saverio De Pinto and Vito De Pinto" (Doc. No. 56), as well as the parties' briefs and exhibits. (Doc. Nos. 62, 65 & 67).

This is a declaratory judgment action concerning the applicability of a personal automobile liability policy ("the Policy"). This matter arises out of a motor vehicle collision that took place on September 12, 2020, on Woodpark Boulevard in Charlotte, Mecklenburg County (hereinafter "Collision"). (Doc. No. 46, ¶ 1). Defendants have made claims for property damage and medical payments arising out of the motor vehicle collision referred to herein. (Doc. No. 11 ¶ 72.). Defendants further seek a defense and indemnification in connection with the personal injury claims being pursued by Manuel Castaneda, Melvin Oved Banegas-Amaya, and Jason Cartomo. Id.

Plaintiff contends that coverage under the Policy is excluded because Defendant Saverio De Pinto was engaged in a pre-arranged or organized drag race on the night of September 12, 2020.

The present discovery dispute arises from the De Pinto Defendants' failure to make available the 2019 Chevrolet Camaro driven by Defendant Saverio De Pinto for inspection and download of electronic data, and Defendant Saverio De Pinto's failure to produce his September 12, 2020 telephone records, including the itemization of phone calls and text messages.

Concerning the telephone records, Defendant Saverio De Pinto responded that he requested the records from Verizon Wireless and would serve them on Plaintiff immediately upon receipt. (Doc. No. 62 at 1). Plaintiff contends that irrespective of any request to Verizon Wireless, the De Pinto Defendants earlier possessed paper copies of the subject records, but destroyed them. (Doc. No. 67 at 2) (citing (Doc. No. 57, Ex. 24, Saverio Dep. 57:2-8.)).

Turning to the Camaro, the facts are less clear. Following the accident, the Camaro was towed and stored by Hunter Auto and Wrecker Service ("Hunter"). At Hunter's Rule 30(b)(6) deposition taken August 9, 2023, the company representative testified that Plaintiff was given permission to inspect the Camaro and download data from it. (Doc. No. 65 at 3) (quoting (Hunter Wrecker Dep. at 18:20-19:17)). Plaintiff replies that notwithstanding Hunter's permission, Defendants repeatedly forbade them from accessing the data. (Doc. No. 67 at 3-4).

More importantly, until October 11, 2023, when they received an errata sheet from Hunter's 30(b)(6) deposition, the parties believed that the Camaro had been destroyed. (Id. at 5). The car, in fact, remains in Hunter's possession. As an alternative relief in its Motion for Sanctions, Plaintiff seeks an order reopening discovery for the limited purposes of: (1) deposing Hunter's 30(b)(6) witness on how she discovered the 2019 Camaro; and (2) allowing Progressive's engineer to inspect the 2019 Camaro, including accessing electronic data, and submit a report. (Id. at 7).

This is matter is set for hearing on January 16, 2024, on the pending Motion for Summary Judgment (Doc. No. 57), and for trial on March 4, 2024. (Docket entries dated 11/30/2023). Accordingly, time is of the essence.

Federal Rule of Civil Procedure 26 states, in relevant part, that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Considering all of this, the Court finds that Plaintiff's requests are relevant to the claims and defenses and proportional to the needs of this case. This includes the requests: (1) for Saverio De Pinto's telephone records on the date of the accident, including the itemization of phone calls and text messages[1]; (2) to inspect the Camaro, including accessing and electronic data, and compiling a report; and (3) to further depose the Hunter's 30(b)(6) witness on how she discovered the 2019 Camaro.

The Federal Rules of Civil Procedure also permit the Court to sanction parties who fail to comply with their discovery obligations. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Specifically,

> [i]f a party . . . fails to obey an order or provide or permit discovery . . . the court . . . may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[1] Although Defendants appear to agree the telephone records should be produced (Doc. No. 62), to the extent Defendants rely on their prior objections, those objections are overruled as telephone records on the day of the accident are directly relevant to the claims and defenses at issue. If Defendants have a privacy concern with those records, such records may be produced pursuant to a Protective Order.

Fed. R. Civ. P. 37(b)(2)(A).  Dismissal, entry of judgment and/or the imposition of monetary sanctions, among other things, are remedies available under Rule 37 and 41 for a party's failure to obey rules governing discovery and orders of the district court.  See Fed. R. Civ. P. 37(b) and 41(b); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 642-43 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92-93 (4th Cir. 1989); Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-06 (4th Cir. 1977).

In Wilson, the Fourth Circuit established a four-part test for entry of the most severe sanctions, in that case, default judgment, and here dismissal.  The Court must determine: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence the party failed to produce; (3) the need for deterring the particular type of noncompliance; and (4) the effectiveness of less drastic sanctions.  Wilson, 561 F.2d at 503–06.  The Fourth Circuit has also emphasized the importance of warning the offending party of the potential sanctions. Hathcock v. Navistar Intern. Transp. Corp., 53 F.3d 36, 40 (4th Cir.1995) (vacating default judgment and remanding to district court for consideration of Wilson factors, and recognizing based on prior case law that another case would be presented if a warning had been given) (citing Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995)).

Accordingly, the Court warns Defendants that failure to provide full and complete responses as ordered below or to otherwise failure to cooperate with the re-opened discovery ordered below, or otherwise to fully comply with any of the Court's Orders, the Local Rules, or the Federal Rules of Civil Procedure may result in the imposition of sanctions.  Sanctions may

include those permitted by Federal Rule of Civil Procedure 37, including, but not limited to, Defendants being ordered to pay Plaintiff's costs including reasonable attorney's fees in their entirety **and may also include entry of judgment against them**.

**NOW THEREFORE IT IS HEREBY ORDERED that:**

1. "Plaintiff's Motion to Compel Discovery from Defendants Saverio De Pinto And Vito De Pinto" (Doc. No. 54) and "Plaintiff's Motion for Sanctions Against Saverio De Pinto and Vito De Pinto" (Doc. No. 56) are **GRANTED IN PART** and **DENIED IN PART**.

2. Within 14 days of this Order, Defendants shall fully produce the telephone records, including the itemization of phone calls and text messages, of Defendant Saverio De Pinto for September 12, 2020, or serve a verified discovery response stating that those records previously were produced. Within 21 days of this Order, the parties shall file a status report stating whether those records have been produced. If the parties cannot agree on a joint status report, each shall file a status report.

3. Discovery is re-opened through January 10, 2024, for the limited purpose of re-opening Hunter's Rule 30(b)(6) deposition on the topic of on how she discovered the 2019 Camaro and to allow Plaintiff's to inspect the Camaro, and accessing and downloading its electronic data, with results to be compiled in a report.

4. The remainder of Plaintiff's Motions are **DENIED** without prejudice to Plaintiff's right to re-file them in the event that Defendants fail to cooperate with discovery as **ORDERED** above or otherwise fail to comply with this Order.

5. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: December 5, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge